# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-625V
Filed: October 23, 2018
UNPUBLISHED

| | |
|---|---|
| JANINE KING,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Bursitis |

*Braden Andrew Blumenstiel*, Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

　　On May 9, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder and arm injury as a result of an influenza ("flu") vaccination administered on October 3, 2014. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On October 22, 2018, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1.  Specifically, respondent "has determined that petitioner's alleged injury is not consistent with [a] Shoulder Injury Related to Vaccine Administration ("SIRVA") because the medical records do not establish that petitioner's 'pain and reduced range of motion [were] limited to the shoulder in which the intramuscular vaccine was administered," as required by the Qualifications and Aides to Interpretation that are appended to the Vaccine Injury Table. . . Nonetheless, [respondent] has concluded that a preponderance of the medical evidence establishes that petitioner's bursitis was caused-in-fact by the flu vaccine she received on October 3, 2014."  *Id.* at 8.  Respondent further agrees that no other cause for petitioner's injury was identified, that she suffered the residual effects of her condition for more than six months, and that petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

*s/Nora Beth Dorsey*
Nora Beth Dorsey
Chief Special Master
