# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0625V
(not to be published)

| | |
|---|---|
| JANINE KING,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 10, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Braden Andrew Blumenstiel, Blumenstiel Falvo, LLC, Dublin, OH,* for petitioner.

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 9, 2017, Janine King filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as the result of an influenza vaccine. (Petition at 1). On October 7, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 74.)

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 25, 2020, (ECF No. 79), requesting a total award of $14,823.01(representing $13,693.95 in fees and $1,129.05 in costs).[3] In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (*Id*. at 3). Respondent reacted to the motion on March 26, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 80). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

---

[3] Petitioner did not provide a breakdown of totals for fees and costs, theses amount were calculated upon review of the invoices.

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY'S FEES

The determination of the amount of reasonable attorney's fees is within the special master's discretion. *See, e.g., Saxton v. Health & Human Servs.,* 3 F.3d 1517,1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson*, 24 Cl. Ct. at 483.

A.  Hourly Rates

Petitioner requests $225 per hour for all work performed by his attorney, Braden Andrew Blumenstiel, Esq., from 2016 – 2020. (ECF No. 79 at 2). This rate exceeds the previously awarded rate of $200 per hour Mr. Blumenstiel has been awarded for 2016 work. *See Dia v. Sec'y of Health & Human Servs*., No.14-954V, 2017 WL 2644695 (Fed. Cl. Spec. Mstr. May 25, 2017). But he requested rate for the remaining years of 2017 – 2020 is consistent with what has been previously awarded to Mr. Blumenstiel, and no adjustment to these requested rates is necessary. After adjusting the rate for 2016 from $225 to $200 per hour, the request for fees is reduced in the amount of **$242.50**.[4]

B.  Block Billing, Disallowed or Reduced Billing, Excessive Billing

In addition to reducing the requested hourly rates, I find that the amount of attorney's fees to be awarded must be reduced to account for tasks billed that include administrative time, non-compensable time, and time billed incorrectly for travel. After a review of the records, a majority of these entries are blocked with other tasks - making it extremely difficult to parse out the time inappropriately billed to this matter. Block billing (billing large amounts of time without sufficient detail as to what tasks were performed) is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the

---

[4] This amount is calculated as follows: $225 - $200 = $25 x 9.7 hrs = $242.50.

amount of time spent on that task."[5] Several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request.

The filed billing records also reveal multiple instances when Petitioner seeks compensation for work usually not paid or for which a reduced hourly rate is more appropriate. For example, there are several instances in which work was performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these entries include:

- December 12, 2017 (1.30 hrs) "Organize new exhibits, scan them, drafted and filed notice of filing with exhibits";

- May 7, 2018 (2.60 hrs) "Scanned in and file remainder of medical records. File statement of completion";

- November 13, 2018 (0.40 hrs) "Preview b/4 attempting the Demand Ltr.";

- May 27, 2019 (0.40 hrs) "Forward Janine's tax and income material she recently sent. Sent to respondent's attorney"; and

- November 22, 2019 (1.0 hrs) "Tried to eFile Election to Accept Judgment Research why it wouldn't work Talked to Braden about it Tasked self with Calling Bradens Contact at the court to resolve the issue next week as they werent there when i called."

(ECF No. 79-3 at 2-6).

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). I therefore opt, in the exercise of my

---

[5] The Guidelines for Practice can be found at
http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelines.pdf.

discretion in setting reasonable fees to be awarded, to reduce the request for attorney fees by 10 percent. This results in a reduction of the recoverable fees by **$1,345.15**.[6]

## ATTORNEY COSTS

Petitioner requests a total of $1,129.05 in overall costs. On April 30, 2020, an Order was filed requesting Petitioner provide any and all supporting documentation for their requests for attorney costs. (ECF No. 81). On May 26, 2020, Petitioner filed a Notice of Filing providing the requested documents, and informing the Court that Petitioner has "been unable to find bills or receipts for some costs associated with this case." (*Id.*). I have reviewed all of the requested documentation for costs provided and find it to be reasonable. I will award all costs that were properly documented, for a total award of $906.95.[7]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs, and award a total of **$13,013.25** (representing $12,206.30 in attorney's fees and $906.95 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] This amount is calculated after the hourly rate reduction was reduced from the total. $13,693.95 - $242.50= $13,451.45 x .10 = $1,345.15.

[7] Petitioner was unable to provide supporting documentation for the requested costs; Sept. 6, 2017, $31.05 IOD Inc.; Dec. 4, 2017, $31.05 IOD, Inc.; Dec. 18, 2017, OSU Medical Center $15.00; Dec. 28, 2017, Urban Acupuncture $25.00; Feb. 15, 2018, Athletico $6.50; Mar. 2, 2018, OSU Sports Medical $15.00; Apr. 5, 2018, Riverside Parking $5.00; Apr. 12, 2018, IOD Inc., $28.34; Apr. 25, 2018, Riverside Parking $5.00; May 10, 2018, OhioHealth $45.16; and May 17, 2018, OSU $15.00. These costs represent a reduction of $222.10 in requested attorney costs.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.